Mr. Donnie Kissinger 1823 Rosemond Avenue Jonesboro, AR 72401
Dear Mr. Kissinger:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the popular name and ballot title for a proposed constitutional amendment. Your popular name and ballot title are as follows:
 Popular Name AMENDMENT TO THE STATE OF ARKANSAS CONSTITUTION TO REPEAL EXISTING AMENDMENTS DEALING WITH LOTTERIES AND ESTABLISH A STATE LOTTERY FOR ARKANSAS Ballot Title AMENDMENT THAT WILL AUTHORIZE A STATE LOTTERY IF THE NET PROCEEDS OF THE LOTTERY'S REVENUES ARE ALLOCATED TO PROVIDE ASSISTANCE O [SIC] THE ARKANSAS EDUCATION SYSTEM. THIS WILL NOT INTERFERE WITH ANY OTHER FUNDING PROGRAMS WHETHER FEDERALLY FUNDED OR GRANTS OR OTHER MONEYS THAT ARE ALREADY IN PLACE. THIS DOES NOT AUTHORIZE GAMES OF CHANCE ASSOCIATED WITH CASINOS, INCLUDING, BUT NOT LIMITED TO, SLOT MACHINES, ROULETTE WHEELS AND OTHER SIMILAR GAMBLING DEVICES
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neither certification nor rejection of a popular name and ballot title reflects our view of the merits of the proposal because this Office has been given no authority to consider the merits of any measure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. SeeArkansas Women's Political Caucus v. Riviere, 282 Ark. 463, 466,677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device.Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v.Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417,316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219, 223, 226,604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938
(1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988);Hoban v. Hall, supra; and Walton v. McDonald, 192 Ark. 1155,97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v.McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke.Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71
(1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104
(1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed popular name and ballot title due to ambiguities in the text of your proposed measure. A number of additions or changes to your popular name and ballot title are, in my view, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguities. I am therefore unable, for the reasons discussed below, to substitute and certify a more suitable and correct popular name and ballot title pursuant to A.C.A. § 7-9-107(b).
Your proposed constitutional amendment is ambiguous in several respects, in my opinion; but most fundamentally, it contains no specific guidance of any sort regarding the "state lottery" to be established. The amendment appears to establish a "state lottery" and it defines this term as "a lottery of the type such as inoperation in Georgia, Missouri, and Tennessee in 2005." (Emphasis added). I assume this refers to lotteries that are currently in operation in the named states. However, merely referring to those lotteries, without including any substantive information about their operation, renders the amendment ambiguous and prevents me from summarizing your proposal for the voters. As I have indicated above, the popular name and ballot title must give the voter a fair understanding of the scope and significance of a proposed change in the law, and they must not omit "essential facts." Bailey, supra, 318 Ark. at 285
(requiring disclosure of an "essential fact which would give the voter serious ground for reflection. . . .") The definition of "state lottery" is a critical feature of your proposed amendment that most definitely triggers a requirement of disclosure in the ballot title under the established standard. Yet I am reluctant to interject my own interpretation of your proposal on this point into a ballot title or popular name given my uncertainty as to the precise underlying assumptions. The language of the amendment is manifestly unclear on this point. This matter must be addressed in the text of your measure and ballot title.
In addition to the threshold problem concerning the definition of a "state lottery," I find a number of other ambiguities and uncertainties in the text of your measure. This listing of potential problems is not intended to be exhaustive. However, at this juncture, these additional matters prevent me from adequately performing my job of summarizing your proposed amendment.
I refer to the following:
 1. According to its text, this proposed measure is an "[a]mendment to... establish a state lottery...." However, the text also states that "[t]he Legislature may authorize a state lottery if the net proceeds of the lottery's revenues are allocated" as required. (Emphasis added). These statements seem inconsistent, given that the word "may" ordinarily implies discretion. I am therefore uncertain as to the precise intent. On the one hand, it seems that a lottery will be established if the voters pass this amendment, whereas on the other hand it also seems as though some action by the legislature will be necessary. This matter should be clarified so that voters are fully informed whether legislative action will be necessary to establish a lottery, and if so, what that that action must be.
 2. There is also reference to the legislature's "implementation" of a lottery. This raises another ambiguity. There is language suggesting that state funds might be used to finance the lottery up until six months after the "date of implementation." Clarification regarding the "date of implementation" is therefore necessary. If this is intended to be synonymous with the date the legislature authorizes a lottery, whatever that entails, this must be clarified for proper summation in the ballot title.
 3. The measure states that it is an amendment "to repeal existing Amendments dealing with lotteries." Currently, however, there is one Arkansas constitutional provision that addresses lotteries. Article 19, Section 4 provides that "[n]o lottery shall be authorized by this State, nor shall the sale of lottery tickets be allowed." Ark. Const. art. 19, § 4. Because the reference to "Amendments" in your proposed measure could therefore confuse the voters, I am unable to summarize your measure in this regard.
 4. Somewhat related to the threshold ambiguity regarding the definition of "a state lottery," the proposed amendment prohibits "[a]ll other forms of lottery" without identifying the scope of the term "lottery" under this provision. The voters may well have "serious ground for reflection" regarding this provision, and I cannot adequately summarize its substance without clarification.
 5. The measure provides that "[n]o more than two members of the commission shall have six-year terms as provided by law." This provision is confusing in that it fails to address altogether whether the legislature is authorized to set any length of term for the remaining commission member or whether it may stagger the commissioner's terms. The failure to address these matters might well inspire" serious ground for reflection" in the voters.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107 and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finn v. McCuen, 303 Ark. 418, 793 S.W.2d 34
(1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Robertsv. Priest, 341 Ark. 813, 20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title.See A.C.A. § 7-9-107(c). You may, after clarification of the matters discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted popular name and ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh